UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

RICHARD LEE PAIVA              :
                               :
    v.                         :   C.A. No. 13-252S
                               :
EDWARD A. BLANCHETTE, et al.   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This is Plaintiff's second pro se lawsuit challenging the medical treatment received during his confinement[1] at the Rhode Island Adult Correctional Institutions ("ACI"). The first action was initiated in 2010 and alleged that certain doctors at the ACI violated his constitutional right to adequate medical care and treatment. See Paiva v. Bansal, Case No. 1:10-cv-00179-M (D.R.I.). The District Court concluded that Plaintiff failed to identify sufficient evidence to support his claims and entered summary judgment for Defendants on April 3, 2012. That decision was affirmed by the First Circuit Court of Appeals on October 1, 2012.

The instant second action was initiated by Plaintiff on April 17, 2013 and again alleges a violation of his constitutional right to adequate medical care and treatment while in the custody of the ACI. Both cases arise out of back injuries and surgeries which predated Plaintiff's incarceration. Plaintiff contends that he suffers from chronic back pain and that Defendants have deprived him of adequate treatment including recommended pain medication and a "medical mattress."

Injunction. (Document No. 21). A hearing was held on March 7, 2014. Although given the opportunity to do so, Plaintiff offered no evidence for the record beyond his written submissions and,

---

[1] Plaintiff is serving a life sentence for murdering his mother in 2009. See State v. Paiva, P1-2009-1596A.

in particular, offered no medical opinions calling into question the appropriateness of the treatment and medication provided to him by Defendants.

Plaintiff seeks a preliminary injunction "requiring the defendants to arrange for an examination and a plan of diagnostic testing by a qualified specialist; requiring the defendants to follow and complete the pain management plan provided to them by pain specialist Dr. Handel; and to provide the Plaintiff with the medical mattress that was ordered for him." (Document No. 21-1 at p. 5). Defendants object and contend that Plaintiff's unsupported allegations fall far short of establishing a likelihood of success on the merits of his constitutional claims. (Document Nos. 24 and 25).

**Discussion**

In order to obtain a preliminary injunction, the moving party bears the burden of showing that: (1) he will suffer irreparable injury if the injunction is not granted; (2) such injury outweighs any harm which granting injunctive relief would inflict on the nonmovant; (3) he has a likelihood of success on the merits; and (4) the public interest will not be adversely affected by the granting of the injunction. See Narragansett Indian Tribe v. Guilbert, 934 F.2d 4, 5 (1st Cir. 1991); and Hasbro, Inc. v. MGA Entm't Inc., 497 F. Supp. 2d 337, 340 (D.R.I. 2007). "The purpose of a preliminary injunction is to preserve the status quo, freezing an existing situation so as to permit the trial court, upon full adjudication of the case's merits, more effectively to remedy discerned wrongs." CMM Cable Rep., Inc. v. Ocean Coast Prop., Inc., 48 F.3d 618, 620 (1st Cir. 1995). Plaintiff here is not seeking to maintain the status quo but wants this Court to affirmatively order the ACI to provide him with additional medical treatment to address his claimed back pain.

Plaintiff's primary claim is one for deliberate indifference to medical needs under the Eighth Amendment to the U.S. Constitution. The Eighth Amendment provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const.

amend. VIII. The Cruel and Unusual Punishments Clause was designed to protect those convicted of crimes and can limit the type of punishment that is imposed. Ingraham v. Wright, 430 U.S. 651, 664 (1977). After an individual is incarcerated, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment. Whitley v. Albers, 475 U.S. 312, 318-319 (1986). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause...." Id. "The general requirement that an Eighth Amendment claimant allege and prove the unnecessary and wanton infliction of pain should also be applied with due regard for differences in the kind of conduct against which an Eighth Amendment objection is lodged." Id. at 320. What is required to establish the unnecessary and wanton infliction of pain varies according to the nature of the alleged Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992).

As mentioned above, Defendants allegedly denied medical treatment to Plaintiff regarding chronic back pain. The failure to provide medical attention to a prisoner can constitute an Eighth Amendment violation. See, e.g., Layne v. Vinzant, 657 F.2d 468 (1st Cir. 1981); Rosen v. Chang, 758 F. Supp. 799 (D.R.I. 1991). In order to state an Eighth Amendment claim for delayed or denied medical care, an inmate must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). In this context, "deliberate indifference" means "'wanton' decisions to deny or delay care...'requiring actual knowledge of impending harm, easily preventable.'" Feeney v. Corr. Med. Serv., Inc., 464 F.3d 158, 162 (1st Cir. 2006) (citing Watson v. Caton, 984 F.2d 537, 540 (1st Cir. 1993)). Moreover, "treatment substandard, even to the point of malpractice, is not the issue...[t]he care provided must have been so inadequate as to shock the conscience." Id. (internal quotations omitted). Officials must "intentionally" delay or completely deny access to medical care. Estelle, 429 U.S. at 104-105.

Deliberate indifference requires a state of mind akin to criminal recklessness; that the official knew of and consciously disregarded a substantial risk of serious harm. See Farmer v. Brennan, 511 U.S. 825 (1994); Mahan v. Plymouth Cnty. House of Corr., 64 F.3d 14 (1st Cir. 1995); and Kogut v. Katz, 187 F.3d 622 (1st Cir. 1998).  Deliberate indifference to the medical needs of an inmate amount to an Eighth Amendment violation only when the needs of the inmate are serious. Hudson, 503 U.S. at 9.

Here, Plaintiff has offered no medical evidence supporting his allegations.  Furthermore, the undisputed facts are not suggestive of deliberate indifference.  Plaintiff concedes that he has been referred outside of the ACI Medical Center to a neurologist, a neurosurgeon and a pain specialist.  He received a steroid injection in his back and, more recently, underwent neurosurgery at Rhode Island Hospital on December 10, 2013 to remove hardware implanted in a prior back surgery at the suggestion of the pain specialist.  Although Plaintiff reports that these procedures have not relieved his chronic pain, they were actually performed and arranged for by Defendants which belies Plaintiff's allegations of deliberate indifference.  Plaintiff also concedes that he receives a pain medication (Neurontin) but advocates for other alternatives.  At most, Plaintiff has shown a difference of opinion between medical professionals regarding pain medication options.  Such a showing is plainly insufficient to show a likelihood of success on the merits of his deliberate indifference claim.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Second Motion for Temporary Restraining Order and Preliminary Injunction (Document No. 21) be DENIED.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the

right to appeal the District Court's decision.  See United States v. Valencia Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart. Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 12, 2014